IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREEVILLE DIVISION

CALVIN REED                                                                           PETITIONER

v.                                                                                    No. 4:18CV22-M-RP

MDOC, ET AL.                                                                          RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Calvin Reed for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2); the petitioner has not replied, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

**Facts and Procedural Posture**

On January 18, 2006, a jury convicted Calvin Reed for robbery, and he was sentenced as a habitual offender to serve a term of life without parole in the custody of the Mississippi Department of Corrections (MDOC). *See* Exhibit A[1] (Jury Verdict and Judgment, Grenada County Circuit Court, Cause No. 2005-0043-CR). Mr. Reed appealed, and the Mississippi Court of Appeals affirmed his conviction and sentence on May 22, 2007. *See* Exhibit B; *Reed v. State*, 956 So. 2d 1110 (Miss. Ct. App. 2007). Mr. Reed did not seek rehearing or *certiorari*. *Id.* On October 20, 2016, he tried to initiate a state proceeding seeking post-conviction relief in the Grenada County Circuit Court, Cause No. 2016-236-CVL, by filing a Motion for Records and Transcripts. *See* Exhibit C (General Docket, Motion and Order). The circuit court denied the motion. *Id.* He filed the instant petition for a writ of

---

[1] The exhibits referenced in the instant memorandum opinion may be found attached to the State's motion to dismiss.

*habeas corpus* on February 12, 2018.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Mr. Reed's conviction and sentence became final on Tuesday, June 5, 2007, fourteen days after his conviction was affirmed by the Mississippi Court of Appeals (May 22, 2007 + 14 days). *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (conviction becomes final for *habeas corpus* purposes at the end of direct review or upon expiration of the deadline for such review). Thus, Mr. Reed's initial deadline to seek federal *habeas corpus* relief became Thursday, June 5, 2008 (June 5, 2007 + 1 year). Mr. Reed did not properly file an application for

post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) on or before that deadline, as his first attempt to obtain such relief was on October 10, 2016, over eight years after the *habeas corpus* limitations period expired. Thus, he does not enjoy statutory tolling of the limitations period. In addition, Mr. Reed does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). As such, his federal *habeas corpus* deadline remained June 5, 2008.

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, Mr. Reed's federal petition was filed sometime between the date it was signed on February 8, 2018, and the date it was received and stamped as "filed" in the district court on February 12, 2018. Giving him the benefit of the doubt by using the earlier date, the instant petition was filed 9 ½ years after the June 5, 2008, deadline. The instant petition will thus be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 27th day of November, 2018.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**